## LENTZ *v.* LENTZ.

CANCELLATION OF INSTRUMENTS—EVIDENCE—SUFFICIENCY.
> On a bill by a husband against his wife to set aside a deed of their homestead executed by him to her, on the ground that it was procured by fraud, evidence examined, and *held*, insufficient to support a decree for complainant.

Appeal from Wayne; Brooke, J. Submitted January 9, 1906. (Docket No. 32.) Decided March 5, 1906.

Bill by William Lentz against Wilhelmine Lentz to set aside a deed alleged to have been obtained by fraud. From a decree from complainant, defendant appeals. Reversed, and bill dismissed.

Complainant and defendant are husband and wife. They were married March 24, 1891. He was a widower with two children. She had been married twice. Her first husband, by whom she had one child, is dead. She was divorced from her second husband, by whom she had three children. On September 7, 1891, they purchased the land in question (40 acres); the deed being made to them as joint tenants. The purchase price was $1,500. Three hundred dollars was paid in cash. They assumed a mortgage of $800, then upon the land, and gave their joint note for $400 to the grantor. Subsequently they gave a new mortgage and note for $800, with the proceeds of which they paid the first mortgage. On March 5, 1897, she filed a bill for divorce against complainant, charging him with extreme cruelty, consisting of the use of vile and opprobrious names and openly charging her with criminal intimacy with men. On April 14th following he executed a deed of all his interest in said land to the defendant; she assuming and agreeing to pay the above-mentioned mortgage. The divorce suit was then

discontinued, and they resumed marital relations. At that time none of the principal upon said mortgage had been paid, and the note for $400 had been reduced to $325. The deed was recorded August 6, 1897. On April 20, 1904, complainant filed this bill to set aside said deed on the ground of fraud and "want of legal delivery." The case was heard upon pleadings and proofs taken in open court, and a decree granted to the complainant, unless the defendant should pay him $700 within 20 days, and if so paid complainant was then to "deliver to her a bill of sale of all his interest in the personal property on the farm, and stipulate that all suits between the parties, or growing out of the dispute between them as to such personal property, be discontinued."

*Ari E. Woodruff* (*W. F. & Frank W. Atkinson*, of counsel), for complainant.

*Jay Fuller*, for defendant.

GRANT, J. (*after stating the facts*). The pleadings make no issue upon the title to the personal property, and that is not involved in this suit. Complainant asserts in his bill that he and his wife went to the office of an attorney to draw the deed; that he signed the deed in blank, the attorney agreeing to fill it in in accordance with the parol agreement, which was then stated to him. This agreement he sets forth as follows:

"To execute a conveyance of said homestead to said defendant upon condition that said conveyance should not take effect and become operative until the death of your orator, and that said defendant should, as a part consideration for a conveyance of said homestead to her, pay to each of his children of your orator the sum of five hundred dollars, payable after the death of your orator."

In his bill he states that he, with his former wife and children, resided upon and occupied this land as a homestead; that immediately upon his marriage with the defendant she began and continued to importune him to convey the land to her; that about ten days before filing

his bill the defendant, aided by her two sons, forced and compelled him to vacate and quit said homestead. He conceded in his testimony that none of these statements are true. In his testimony, instead of the agreement to pay each of his children $500 apiece, he testified that it was $500 in all, or $250 apiece. He also testified that if she died first he was to have $300, if they wanted him to get off the place, and that her children would have to pay this in addition to the $500.

Making all due allowance for his ignorance, the discrepancies between the allegations of his bill and his testimony are too glaring to entitle his testimony to much weight. Defendant was a hard-working woman, and complainant admits that she worked upon the farm besides doing her household work. Each paid one-half of the $300. The mortgage and note have been paid, and each claims to have made the payment. We think it is established by a fair preponderance of the evidence that she paid substantially the entire amount out of her own money. It is unnecessary to go into the details as to where she obtained it. The attorney who drew the deed and the defendant both testified that the deed was read over to the complainant. There is no reason apparent upon the record why the attorney should insert in the deed provisions other than those agreed upon. Whatever may be said against the attorney, there must have been some motive for his conspiring with the defendant to defraud the complainant, and none is even suggested. Complainant is 69 years old; the defendant, 58. He left his home of his own free will. She alleges in her answer that she has never refused him a home on said land, and that she wants "him to come home, live with and help her." The most sensible thing for these old people to do is to settle their difficulties and live upon this homestead in peace the rest of their days.

Decree reversed, and the bill dismissed.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.